[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-11845

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY DONELL EATMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:08-cr-00133-RDP-HNJ-1

_____

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

In 2019, Gregory Donell Eatmon, a federal prisoner, filed a motion for a sentence reduction under § 404(b) of the First Step Act of 2018. Pertinent here, he requested an amended judgment reducing his term of imprisonment because of intervening changes to the Sentencing Guidelines. The district court denied the motion. The court found that Eatmon was eligible for a sentence reduction but declined to exercise its discretion based on Eatmon's "extensive disciplinary record while in federal prison." Doc. 57 at 2.[1] Eatmon appealed, and we affirmed.

The United States Supreme Court vacated our judgment in this case and remanded for further proceedings in light of its opinion in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *See Eatmon v. United States*, 142 S. Ct. 2899 (2022). *Concepcion* held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. at 2404. And, because district courts must "consider nonfrivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when parties raise them." *Id.* at 2396. *Concepcion* instructs that district courts ruling on First Step Act

---

[1] "Doc." numbers refer to the district court's docket entries.

20-11845              Opinion of the Court                3

motions bear the "standard obligation to explain their decisions," and accordingly must give a "brief statement of reasons" to "demonstrate that they considered the parties' arguments." *Id.* at 2404. Here, the district court failed to indicate that it considered or was permitted to consider intervening changes to the Sentencing Guidelines. *Id.* at 2396, 2404. Accordingly, we vacate the judgment of the district court and remand this case for further consideration in light of *Concepcion.*

**VACATED and REMANDED.**